```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**NCO FINANCIAL SYSTEMS, INC.**                          CIVIL ACTION

**v.**                                                   NO. 07-4247

**BEVERLY HARPER-HORSLEY, ET AL.**                       SECTION "F" (5)

<u>ORDER AND REASONS</u>

Before the Court is plaintiff's Rule 12(f) Motion to Strike the Letter Answer of Defendant, Nicholas Bass.  For the following reasons, the motion is **DENIED** in part and **GRANTED** in part.

<u>BACKGROUND</u>

NCO Financial Systems, Inc. is a national debt collection company.  NCO alleges that defendants, while working for plaintiff, created a fictitious client on NCO's business records in the name of "S.O.S.S.-JCJ BSVCS".  The fictitious client listed Beverly Harper-Horsley as the client contact and ABC Supply Co., Inc., as a fictitious collection account owed to "S.O.S.S.-JCJ BSVCS."  It is alleged that defendants, and other unidentified co-conspirators, deposited with NCO a fraudulent and forged check in the amount of $46,810.24 purporting to be full payment of the debt owed by ABC Supply Co., Inc.  NCO alleges the check was deposited without knowledge that it was forged or fraudulent.  The check was denied for insufficient funds on December 12, 2006.

On December 18, 2006, prior to NCO's knowledge that the check was insufficient, defendants allegedly generated a client remittance check to "S.O.S.S.-JCJ BSVCS" from its account in the

amount of $39,788.71, representing the balance of the $46,810.24 amount after NCO's standard collection fee was deducted. The remittance check was sent overnight delivery to "S.O.S.S.-JCJ BSVCS" at a fictitious business address in Midwest City, Oklahoma. That address is the same as Horsley's residence. On or around December 26, 2006, Horsley endorsed and deposited or cashed the check with JP Morgan Chase Bank.

NOC sued Horsley, Senior Others Solution Society, Inc., and Nicholas Bass alleging civil theft in violation of a number of Oklahoma civil statutes, enrichment without cause under Louisiana law and conversion. NCO also seeks a declaratory judgment that defendants' actions violated these laws and seeks injunctive relief.

Despite being served, Horsley and Seniors Others Solutions Property, Inc., did not file responsive pleadings. A preliminary default was entered by the Clerk of Court on December 21, 2007. Pursuant to Rule 54(b)(1), a default judgment was entered against these parties in the amount of $39,788.71 on February 22, 2008.

Prior to the default judgment, NCO was granted leave to amend the original complaint and added as a defendant, Bass. Service was made on Bass on January 8, 2008, with a responsive pleading deadline of January 28, 2008. No response was filed. However, on March 31, 2008, a letter to counsel for NCO from Bass was docketed in the Court record as "Letter to the Court re Amended Complaint."

Bass admitted Horsley approached him about cashing one of her personal checks because she did not want her husband to be aware of it, and Bass admits he did so two or three times. While the letter does not provide how much money was cashed with Bass, it does state that Horsley gave Bass $500.00 for helping her.

On April 2, 2008, NCO filed a Motion for Entry of Default by the Clerk of Court arguing that Bass should be defaulted for failing to timely appear, answer or otherwise respond. The Clerk of Court entered the default the same day. On April 9, 2008, Bass filed a Ex Parte Motion to Set Aside Entry of Default arguing that his letter constituted an answer and therefore, the default should be set aside. NCO's motion to strike followed.

I.

NCO argues that the letter does not conform with the Federal Rules of Civil Procedure as it does not respond with admissions or denials to the allegations asserted in NCO's second amended complaint. Further, NCO submits that most of the statements are immaterial to the issues in this case, namely whether Bass participated in a scheme to defraud NCO of its assets. NCO acknowledges that pro se litigants are given latitude in pleading; however, it points out that they should not be excused entirely from complying with the Federal and Local rules. Finally, and in the alternative, NCO proposes that if the Court decides to strike the letter in part, then amendment should be allowed so that Bass

3

can respond separately to each of the numbered paragraphs in the second amended complaint as required by the Federal Rules and so that NCO can be made aware of Bass's position on each of the allegations made in order to properly prepare itself for trial.

Bass responds that he is not familiar with the laws and rules of the Court and is trying to learn the rules.  He adds that his pleadings subsequent to the letter have been properly formatted and submitted.  He requests the Court deny the motion to strike.

II.

A district court may strike from a pleading any insufficient defense or order or any redundant, immaterial, impertinent, or scandalous matter.  FRCP 12 (f).  Granting a motion to strike a matter from a pleading is within discretion of court. F.D.I.C. v. Niblo, 821 F.Supp. 441 (N.D. Tex. 1993).  Motions to Strike made under Rule 12(f) are viewed with disfavor by the federal courts, and are infrequently granted. C. Wright & A. Miller, 5C Fed. Prac. & Proc.3d § 1380. In order to succeed on a Rule 12(f) motion to strike surplus matter from an answer, it must be shown that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party. Id. If the district court determines that certain references in a pleading are prejudicial, only those references and not the entire paragraphs containing them

should be stricken. Id.

NCO first argues that the letter should be stricken in its entirety because it pleads insufficient defenses under the pleading rules.  Rule 7(a) lists the exclusive list of "pleadings" in federal court which are defined as a complaint and an answer; a reply to a counterclaim; an answer to a cross-claim; a third-party complaint; and a third-party answer.  Rule 8(b) provides the general rules of pleading and states that "[a] party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies."  Rule 8(c) mandates that a party lay out its affirmative defenses and subsection (e) of Rule 8 designates that no technical forms of pleading are required.  Rule 10(a) and (b) provide that every pleading shall contain a caption setting for the name of the court, the title of the action, and the file number.

Bass is a pro se litigant who admits to being unfamiliar with the federal and local rules at the time he filed his letter in response.  Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).  However, a pro se litigant is not "exempt ... from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir.1981). A pro se litigant is not entitled to greater rights than would be a litigant represented by a lawyer. Id.

Bass's letter does not comply with Rules 7 and 10. Nevertheless, as a pro se litigant, the Court reviews the letter under a liberal standard and will assume Bass does enter a general denial. However, because the response is vague, ambiguous and does not give NCO adequate notice, the Court grants Bass leave to amend to comply with the Federal Rules of Civil Procedure. As such, on or before fifteen days of the date of this Order, Bass shall file an amended response in accordance with Rules 7, 8, and 10 and respond separately to each averment made in NCO's second amended complaint.[1] Failure to comply with this Order will result in a default judgment against him.

As to NCO's remaining argument that the immaterial statements should be stricken pursuant to Rule 12(f), the Court finds this argument has merit. The letter contains the following information that is not relevant or material to this litigation: (1) harassment allegations against NCO for alleged similar incidents not related to this case; (2) Bass's mental condition of "extreme duress"; and (3) Bass's request for NCO to give him advice as to who he should

---

[1] In Vibe Technologies, LLC v. Suddath, 2008 WL 3404811 (D. Colo. 2006), cited by the plaintiff, the pro se defendant filed forty pages of documents in response to plaintiff's complaint. The court granted a motion to strike the documents from the record. In so holding, the court reviewed the documents and found that they did not relate to the suit and did not in anyway provide the plaintiff with fair notice of the defendant's defenses. Further, the court pointed out that the defendant failed to respond to plaintiff's motion to strike. In this case, defendant has tried to make an appearance and has in effect made a general denial to the allegations raised. The Vibe case is not binding on this Court and is factually distinguishable because Bass has made an effort and filed a response, albeit general, addressed to allegations made against him.

send his letter.  These statements are so unrelated to NCO's claims as to be unworthy of any consideration as a defense.  Accordingly, these sentences and statements are ordered **STRICKEN** and shall not be referred to in this litigation from this point forward.

Finally, the Court notes that Bass filed a motion to set aside the entry of default, which is opposed.  It is up to Bass to properly notice and set his motion for a resolution date.  It is not before this Court at this time.

Accordingly,

**IT IS ORDERED** that the Motion to Strike (Rec. Doc. 31) is **DENIED** in part and **GRANTED** in part.


New Orleans, Louisiana, May 29, 2008.

_____
**MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE**